Filed 4/18/16  P. v. Droughn CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B266784 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 5PH06314) |
| v. | |
| ANDREW DROUGHN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Andrew Droughn appeals from a postjudgment order revoking and reinstating parole on condition he serve 180 days in county jail. The order was based on the court's finding Droughn had absconded from parole and had violated a special condition of his parole. We affirm.

## DISCUSSION

Droughn was sentenced to a three-year prison term following his 2013 conviction for violating Health and Safety Code section 11378 (possession for sale of a controlled substance). He was released on parole on May 26, 2015. As a special condition of parole, Droughn was required to participate in continuous electronic monitoring by wearing a GPS (Global Positioning System) device.

On August 9, 2015 Droughn was arrested for removing his GPS device and for absconding from parole. Droughn's parole agent, Adriana Garcia-Hervol, petitioned to revoke Droughn's parole pursuant to Penal Code section 3000.08. At arraignment Droughn denied the allegations. The People and Droughn agreed to have the probable cause hearing held in conjunction with the revocation hearing.

At the contested hearing agent Garcia-Hervol testified, as a condition of parole, Droughn was required to wear a GPS device. At approximately 8:18 p.m. on July 2, 2015 Garcia-Hervol was alerted by the GPS monitoring center that Droughn's GPS device had been removed. Garcia-Hervol immediately telephoned Droughn, who admitted he had removed the device. Garcia-Hervol told Droughn to report to the parole office at 8:00 a.m. the next day. Droughn answered "no," adding he would think about it and might report to the office the following Monday. Droughn never reported to the parole office and was arrested on August 9, 2015.

Droughn did not testify or present other evidence in his defense. At the conclusion of the hearing, the trial court found Droughn had violated his parole by absconding and removing his GPS device and revoked and reinstated parole with a modified condition that Droughn serve 180 days in county jail.

We appointed counsel to represent Droughn on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On December 4,

2

2015 we advised Droughn he had 30 days within which to personally submit any contentions or issues he wished us to consider. On December 22, 2015 the notice was returned by the Los Angeles County Jail and marked "Return To Sender. Attempted — Not Known. Unable to Forward."[1]

We have examined the record and are satisfied Droughn's appellate attorney has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

### DISPOSITION

The order is affirmed.


                                                                PERLUSS, P. J.
We concur:



ZELON, J.



BLUMENFELD, J.[*]

---

[1]    When we appointed appellate counsel for Droughn, we directed Droughn "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal." Droughn has not provided any information regarding his current address after his apparent release from the Los Angeles County jail.

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.